UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SEAN LAGER,** | |
| *Plaintiff,* | |
| | Case No.: |
| v. | |
| | Complaint and Demand for Jury Trial |
| **PORSCHE CARS NORTH AMERICA, INC.,** | |
| *Defendant.* | |

## COMPLAINT

SEAN LAGER ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., allege the following against PORSCHE CARS NORTH AMERICA, INC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., §2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, the Connecticut Unfair Trade Practices Act, Title 42, §184 & Chapter 735a, §§42-110a-42-110q and the Connecticut Lemon Law pursuant to Title 42, Ch. 743b, §§179-190.

## JURISDICTION AND VENUE

2.      Plaintiff is located in Greenwich, CT 06831.

3.      Defendant Porsche Cars North America, Inc. is a company with its principal place of business located at One Porsche Drive, Atlanta, GA 30354.

4.      Accordingly, diversity of citizenship exits.

1

5.      Plaintiff seeks damages for the "full lease price" of the vehicle, collateral charges, finance charges, incidental and consequential damages, costs, and attorney's fees. Additionally, Plaintiff seeks trebled damages.

6.      Plaintiff's claims in this matter exceed $75,000.00 in damages.

7.      Accordingly, this Court has diversity jurisdiction over this matter.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

9.      Venue is proper under 28 U.S.C. §1391(b)(2) because Plaintiff drives, registered and had repaired the subject vehicle in this District and a substantial part of the events giving rise to the Plaintiff's claims occurred within this District.

## PARTIES

10.      Plaintiff is located in Greenwich, CT 06831.

11.      Defendant is a company with its principal place of business located at One Porsche Drive, Atlanta, GA 30354.

## FACTUAL ALLEGATIONS

12.      On or about October 30, 2023, Plaintiff leased a new 2023 Porsche Taycan bearing the Vehicle Identification Number WP0AD2Y14PSA47292 (hereinafter the "vehicle") from Porsche Greenwich located in Greenwich, CT 06830. A true and accurate copy of the lease agreement is attached as **Exhibit "A".**

13.      At all times relevant hereto, the subject vehicle was registered in the State of Connecticut.

14.     The contract price of the vehicle, including purchase option, registration charges, document fees, sales tax, finance and bank charges totaled more than $171,364.00. *See* **Exhibit "A".**

15.     In consideration for the lease, Defendant issued to Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

16.     The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the lease of Defendant's product by Plaintiff.

17.     Defendant issued an express written warranty as well as other guarantees, affirmations and undertakings as detailed in Defendant's warranty materials and owner's manual.

18.     The vehicle has required repairs and they have been attempted by Defendant's authorized service facility, however they were largely, if not entirely, ineffective. As a result of these, the use, value and safety of the vehicle have been substantially impaired and unable to be utilized for its intended purposes.

19.     Plaintiff has delivered the vehicle to Defendant's authorized service and repair facility, ("Service Facility"), on August 11, 2025. A true and accurate copy of the Repair Order(s) are attached as **Exhibit "B".**

- August 11, 2025-*PRESENT*; 7,549 miles. Plaintiff presented the vehicle to the authorized dealership for check engine warning activation, vehicle charging cable needs replacing and battery control unit needs replacing. Plaintiff was instructed by dealer that the parts are not available to conduct the above repairs and they did not know when they would be available. Plaintiff had to leave with an unrepaired

vehicle and it remains unrepaired as of today.  The vehicle was kept out of service for **forty (40) days and counting** in connection with this repair attempt.

20.     The vehicle was and continues to be defective and exhibit non-conformities.

21.     The vehicle remains in a defective and/or unreliable state and is substantially impaired.

22.     The repetitive defects and non-conformities reveal the inability of its authorized service dealers, to repair the vehicle in accordance with the warranty obligations owed.

23.     Plaintiff no longer feels safe driving the subject vehicle and justifiably has no confidence in the dealer's efforts to permanently repair it and/or in the reliablity of the subject vehicle.

## <u>FIRST CAUSE OF ACTION</u>
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301, et seq.**

24.     Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

25.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

26.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

27.     The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

28.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

29.     15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

30.     Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs ineffective.

31.     Defendant has failed to remedy the defects and non-conformities within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the vehicle.

32.     The vehicle does not meet the safety and reliability standards promised by Defendant.

33.     As a result of Defendant's inability to make the vehicle conform to the warranty standard and being unable and/or unwilling to remedy valid vehicle concerns, the Plaintiff has been required to retain legal counsel and seek legal redress.

34.     The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

> a.    If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he/she may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

35.     Plaintiff has afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

36.     As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and obligations, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

37.     Further as the written warranty was not provided to Plaintiff until after the vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

38.     Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, Plaintiff is entitled to damages plus all attorney fees and costs. As such Plaintiff respectfully demands judgment against Defendant in an amount equal to the diminution in value of the vehicle, which could be as much as the total price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Defendant is a merchant with respect to motor vehicles.

41.     The vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308, running from the Defendant to the Plaintiff.

42.     An implied warranty that the vehicle was merchantable arose by operation of law as part of the lease of the vehicle.

43.     Defendant has breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiff leased it, or thereafter, and it is substantially unfit for the ordinary purposes for which such vehicles are used.

44.     The persistent and unresolved defects are unreasonably dangerous and distracting, especially when issues described above occur while the vehicle is being driven. The clear risk of

accident and/or injuries to driver, passengers, and others who share the road as a result of these constitute a breach of implied warranty by Defendant.

45.    Plaintiff notified Defendant of these defects within a reasonable time after Plaintiff discovered them and returned the vehicle for repairs.

46.    As a result of Defendant's several incidences of breach, Plaintiff has suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

**THIRD CAUSE OF ACTION**
**Breach of Express Warranties**

47.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.    Plaintiff relied on Defendant's warranties when Plaintiff agreed to lease the vehicle as a basis of the bargain.

49.    Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to fully repair the defects.

50.    Plaintiff has given Defendant a reasonable number of opportunities to bring the vehicle into compliance with the warranty obligations, but Defendant has been unable to do so within a reasonable time and any repairs that were performed, were not permanent.

51.    As a result of said nonconformities, Plaintiff cannot reasonably rely on the vehicle for ordinary purposes, which are safe, reliable and efficient transportation.

52.    Plaintiff did not and could not have discovered said nonconformities with the vehicle prior to Plaintiff's acceptance of the vehicle, however at the time of lease Defendant was aware that this model was built and sold with the known defects and non-conformities. In fact, Defendant was so well aware of these issues that it developed a number of different technical

7

service bulletins, also known as "secret warranties", intending to address the issues. As seen however, even these measures were short-lived.

53.      Plaintiff would not have leased the vehicle, had Plaintiff known that the vehicle contained the aforementioned defects.

54.      As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of the vehicle, and a diminution in the value of the vehicle with the defects identified herein.

## FOURTH CAUSE OF ACTION
### Violation of the Connecticut Unfair Trade Practices Act
### Title 42, §184 & Chapter 735a, §§42-110a-42-110q

55.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.      Defendant is in the business of 'trade' and 'commerce' within the meaning of Connecticut Statute Title 42, § 110(a).

57.      Plaintiff is a consumer and a 'person' within the meaning of Connecticut Statute Title 42, § 110(a).

58.      The conduct of Defendant, as alleged herein, constitutes unfair and deceptive acts and practices in commerce, within the meaning of Connecticut Statute Title 42, § 184 & Chapter 735a, §§42-110a-42-110q, and as a result thereof, Plaintiff has been permanently and irreparably harmed.

59.      As a direct and proximate result of Defendant's failure to comply with the implied and express warranties that accompanied Plaintiff's lease of the vehicle, Plaintiff has suffered

damages and, in accordance with Connecticut Statute Title 42, Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

## FIFTH CAUSE OF ACTION
### Violation of Connecticut Statute Title 42, Ch. 743b, §§179-190 "Lemon Law"

60.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.    Defendant, through its authorized repair agent(s), made four or more repair attempts to address the same general defect in the vehicle without success.

62.    Defendant through its authorized repair agents kept the vehicle out of service for repair for 30 business days or more during the first two years or 24,000 miles.

63.    Defendant failed to provide Plaintiff with accurate warranty receipts of each and every repair attempted on the vehicle.

64.    Plaintiff noticed Defendant the intention to return the vehicle for a repurchase or replacement.

65.    Defendant leased Plaintiff a defective vehicle that has never met the original purpose of "dependable, reliable and safe transportation," and has hindered Plaintiff with consistent malfunctions and impairments of use.

66.    Due to Defendant's violations of Connecticut Statute Title 42, Ch. 743b § 179-190, Plaintiff has incurred damages.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff, **SEAN LAGER,** respectfully prays for judgment as follows:

a.    An order approving revocation of acceptance of the subject vehicle;

b.    The "full lease price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

c.    Incidental and consequential damages;

d.    For a trial by jury on all issues except the determination of reasonable attorney's fees and costs which are reserved for determination by the

e.    Court in the event that Plaintiff prevail at a trial on the merits and after all attorney time and effort has been completed;

f.    An award of treble damages as permitted under Connecticut Statute Title 42, §184 & Chapter 735a, §§42-110a-42-110q;

g.    Costs, including expert witness fees and reasonable attorney's fees; and

h.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **SEAN LAGER,** demands a jury trial in this case.

Respectfully submitted,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, ct28597
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
(401) 764-5566
atroccoli@creditlaw.com